Filed 10/16/13  Marriage of Warren CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of KARIN and JASON WARREN. | 2d Civil No. B244870<br>(Super. Ct. No. D325275)<br>(Ventura County) |
| KARIN WARREN,<br><br>    Appellant,<br><br>v.<br><br>JASON WARREN,<br><br>    Respondent. | |

Parents have joint physical custody of their minor children.  Mother filed an order to show cause in which she requested that she be allowed to move with the children from Ventura to Orange County.  The trial court denied mother's request for a move-away order and ordered a change in custody arrangements upon mother's move.  Mother appeals.  We affirm.

FACTS

Karin and Jason Warren were married in December 2000 and separated in November 2007.[1] They have two minor children of the marriage: Riley, born October 2001, and Kalli, born September 2005.

The parties entered into a stipulated judgment of dissolution in August 2008. The judgment provided for joint legal and physical custody of the children. Jason had the children three nights a week and Karin had them three nights a week. The parties had the children on alternate weekends. The judgment also provided that "[n]either party shall change the residence of the minor child[ren] from the [C]ounty of Ventura or Los Angeles County without the written consent of the other party or without a prior court order."

In June 2012, Karin filed an order to show cause in which she sought to move with the children to Orange County. Jason sought a change in child custody: Karin have the children every Monday and Tuesday; Jason have the children every Wednesday and Thursday; and the parties alternate Friday through Sunday.

Karin claimed she needed to relocate with the children because the only teaching job she could find is in Orange County. She said Jason originally approved the relocation, but changed his mind when she made an adverse comment about his girlfriend. She claimed to be the primary custodial parent.

Jason declared Karin's request was not made in good faith. The move was not for employment, but so that she could be with her boyfriend. Jason claimed the move would not be in the best interest of the children because: It would reduce his time with them; it would disrupt their education, especially for Riley who has special educational needs; it would disrupt the stability of the children's lives, all of whom have lived in Ventura County where all their friends and activities are. Jason denied Karin was the

---

[1] Hereafter we refer to the parties by their first names, not out of disrespect but to ease the reader's task.

primary custodial parent.  He said the children spent approximately equal time with the parties.

The trial court ordered the parties to mediation.  The mediator testified: The parties have "fairly equal" custody time with their children.  The children have a good relationship with both parents and the co-parenting relationship is working and effective.  Relocation could affect their relationship with their father.  The children are connected to their school community through friends and activities.  They have a bond with large extended family in Ventura County that could be impacted if the children are relocated.  Riley has special needs and currently has an education plan at his school to meet those needs.  The children need stability and continuity in their schedule, which they currently have.

The trial court found:  Both parties love their children and want what is best for them.  But, as is often the case, each parent views what is best for the children through a prism of his or her own desires and interests.  "In this case it is the Mother's perspective which has been most distorted by this view."  The court found that Karin's stated need for employment is genuine.  The court, however, concluded:  "Considering the children's interest in stability and continuity in the custodial arrangement, the distance of the proposed move, the ages of the children, their relationship with each of their parents, the relationship between the parents, the reasons for the proposed move and the current custodial arrangement, the Court finds that the best interests of the children are served by remaining in their existing community, with their existing school, peer and familial ties.  While Mother's move to Orange County has the potential to affect the mother/child relationship, her bond with each of the children appears to be sufficiently strong and well-established that any significant impairment of relationship is unlikely."

The court ordered that upon relocating out of Ventura County, Karin will have physical custody every other weekend during the school year.  During the summer, the parties will alternate weeks.  The order also specified custody for school breaks, holidays and birthdays.  Finally, the court ordered that "[n]either party shall change the

3

residence of the children out of Ventura County without the written permission of the other party or a court order."

DISCUSSION

I.

Jason notes that the statement of facts in Karin's opening brief is almost entirely bereft of citations to the record. California Rules of Court, rule 8.204(a)(1)(C) requires such citations. Jason urges us to dismiss the appeal for failure to comply with the rule. Given the importance of custody orders to the children involved, we decline to do so.

Karin's statement of the facts consists of a view most favorable to her. It may be helpful at the outset to state how we must view the facts on appeal.

In viewing the evidence, we look only to the evidence supporting the prevailing party. (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.) We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. (*Ibid.*) Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 370, pp. 427-428.) The trier of fact is not required to believe even uncontradicted testimony. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

II.

Karin contends the trial court applied the wrong standard when it made a de novo determination of the children's best interest.

Where a party who has sole physical custody seeks to relocate with the parties' children, the party opposing the move bears the burden of showing there has been a substantial change of circumstances rendering it "essential or expedient" for the welfare of the children that there be a custody change. (*In re Marriage of Burgess*(1996) 13 Cal.4th 25, 38.) Where, however, the parties share joint physical custody and one party

4

seeks to move away, neither party has the burden, and the trial court must determine custody de novo based on the best interest of the children. (*Id.* at p. 40, fn. 12.)

Karin claims that she has primary physical custody of the children. She argues that having primary physical custody entitles her to the presumption that she can determine the residence of the children pursuant to *In re Burgess*, *supra*, 13 Cal.4th, page 38.

But the presumption in *Burgess* applies to a parent who has sole physical custody. Here the parties have joint physical custody. No presumption applies, and the trial court makes a de novo custody determination. (*In re Burgess*, *supra*, 13 Cal.4th at p. 40, fn. 12.) The term "primary physical custody" has no legal meaning within the context of a move-away order. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1081, fn. 1; *In re Marriage of Richardson* (2000) 102 Cal.App.4th 941, 945, fn. 2.) Physical custody is either sole or joint. (*Ibid.*) Here it is joint.

In any event, Karin's argument that she has primary physical custody is based on her view of the evidence. Both Jason and the mediator testified that the parties' physical custody time was approximately equal. To the extent it may make a difference, we must presume the trial court found the parties custody time was approximately equal. (See *GHK Associates v. Mayer Group, Inc.*, *supra*, 224 Cal.App.3d at p. 872.)

Karin argues the trial court erred in treating the matter as an initial custody determination. Karin points to no specific finding of the trial court. She apparently concludes that the trial court treated the matter as an initial custody determination because it made a de novo determination based on the best interest of the children. But a de novo determination based on the best interest of the children is also the correct standard where, as here, the parties share joint physical custody. (*In re Marriage of Burgess*, *supra*, 13 Cal.4th at p. 40, fn. 12.) The trial court applied the correct standard.

### III.

Karin contends the trial court abused its discretion in changing the custody arrangement in Jason's favor.

5

The trial court's well-written order reflects it carefully considered the declarations and testimony of both parties and the custody mediator. Based on the evidence, the trial court decided it is in the best interest of the children that they have the stability provided by continuing to reside in Ventura County. This is a reasonable resolution of this custody dispute.

Karin's contention that the trial court abused its discretion is based on a view of the evidence most favorable to her. Suffice it to say, we must view the evidence in a light most favorable to the judgment or order. (*GHK Associates v. Mayer Group, Inc.*, *supra*, 224 Cal.App.3d at p. 872.) The trial court did not abuse its discretion.

The judgment (order) is affirmed. Costs are awarded to Jason.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

William Q. Liebman, Judge

Superior Court County of Ventura
_____

Alison Minet Adams for Appellant.

Vanessa Kirker Wright for Respondent.